PROB 12C  
(06/17)

June 21, 2022  
pacts id: 6001031

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Cesar Aguilar-Gonzalez (Spanish)    **Dkt. No.:** 20CR00467-001-DMS

**Reg. No.:** 85220-298

**Name of Sentencing Judicial Officer:** The Honorable Dana M. Sabraw, Chief U.S. District Judge

**Original Offense:** 18 U.S.C. § 1001(a)(2), False Statement to a Federal Officer, a Class D felony.

**Date of Sentence:** April 23, 2021

**Sentence:** Time served, two years' supervised release. *(Special Conditions:  Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** April 23, 2021

**Asst. U.S. Atty.:**  Patrick C. Swan        **Defense Counsel:**    Erik Richard Bruner  
(Appointed)  
(619) 609-7032

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

Name of Offender: Cesar Aguilar-Gonzalez  June 21, 2022
Docket No.: 20CR00467-001-DMS  Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On May 26 and July 6, of 2021, Mr. Aguilar-Gonzalez failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at the United States Probation Office, as required.<br><br>2. On August 11, 2021, Mr. Aguilar-Gonzalez failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at the Geo Reentry Services Center in El Centro, California, as required. |
| **(Standard Condition)** The defendant must follow the instructions of the probation officer related to the conditions of supervision | 3. On or about September 2, 2021, Mr. Aguilar Gonzalez used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on September 13, 2021.<br><br>4. On or about September 17, 2021, Mr. Aguilar used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on September 20, 2021.<br><br>5. On or about April 26, 2022, Mr. Aguilar-Gonzalez used controlled substances, as evidenced by the urine sample he submitted on April 26, 2022, which confirmed positive for cocaine metabolite and marijuana metabolite.<br><br>6. On or about May 3, 2022, Mr. Aguilar-Gonzalez failed to report for testing, as directed. |

***Grounds for Revocation:*** As to Allegation 1, I have reviewed the Chain of Custody for Drug Analysis forms and U.S. Probation UA Trouble Logs, which confirm that on the above dates, Mr. Aguilar-Gonzalez failed to submit urine samples, as required.

As to Allegation 2, I have reviewed the Chain of Custody for Drug Analysis form, which confirms that on the above date, Mr. Aguilar-Gonzalez failed to submit a urine sample, as required.

As to Allegation 3, Mr. Aguilar-Gonzalez reported to the U.S. Probation Office on September 3, 2021, and submitted a urine specimen, which screened positive for amphetamines. When informed of the positive screen on September 13, 2021, Mr. Aguilar-Gonzalez admitted to the probation officer to using methamphetamine on or about September 2, 2021.

PROB12(C)

| | |
|---|---|
| Name of Offender: Cesar Aguilar-Gonzalez | June 21, 2022 |
| Docket No.: 20CR00467-001-DMS | Page 3 |

As to Allegation 4, Mr. Aguilar-Gonzalez admitted to the probation officer to using methamphetamine on September 17, 2021, and signed a Statement of Admission.

As to Allegation 5, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine sample provided by the offender on April 26, 2022, confirmed positive for cocaine metabolite and marijuana metabolite.

As to Allegation 6, I have received and reviewed correspondence from the supervising probation officer in the Central District of California, indicating that on May 3, 2022, the offender agreed to report for testing on the same date, but failed to report as directed.

PROB12(C)

| | |
|---|---|
| Name of Offender: Cesar Aguilar-Gonzalez | June 21, 2022 |
| Docket No.: 20CR00467-001-DMS | Page 4 |

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

Mr. Aguilar-Gonzalez commenced supervision in the Central District of California in April 2021 and his non-compliance begun shortly after.

In May and July of 2021, Mr. Aguilar-Gonzalez failed to report for drug testing, as required. When confronted by his supervising probation officer, Mr. Aguilar-Gonzalez stated he was not aware he was scheduled for drug testing. Additionally, he further added he did not have transportation to the testing site. However, in August 2021, Mr. Aguilar-Gonzalez failed to submit a urine specimen at the Geo Reentry Services Center in El Centro, California. It was noted Mr. Aguilar-Gonzalez arrived late to the testing site, and failed to provide a urine specimen, as required.

On September 3, 2021, Mr. Aguilar-Gonzalez submitted a urine specimen that screened positive for amphetamines. Subsequently, Mr. Aguilar-Gonzalez admitted to his probation officer he used methamphetamine on or about September 2, 2021, and signed a Statement of Admission. Additionally, on September 20, 2021, the offender admitted to his probation officer to using methamphetamine on September 17, 2021, and signed a Statement of Admission.

On April 26, 2022, Mr. Aguilar-Gonzalez submitted a urine specimen, which screened positive for cannabinoids and cocaine metabolite. When contacted by his supervising probation officer on May 2, 2022, via telephone, Mr. Aguilar-Gonzalez admitted he used drugs to celebrate one year our of custody. Subsequently, Mr. Aguilar-Gonzalez agreed to report to the Riverside U.S. Probation Office on May 3, 2022. However, Mr. Aguilar-Gonzalez failed to report as instructed. Soon after, Mr. Aguilar-Gonzalez sent his supervising probation officer a text message, indicating he had car trouble.

On May 11, 2022, the supervising probation officer sent Mr. Aguilar-Gonzalez a text message to report to the Riverside U.S. Probation Office on May 13, 2022. However, Mr. Aguilar-Gonzalez failed to report as directed.

Subsequently, on May 23, 2022, Mr. Aguilar-Gonzalez's mother, Maria Aguilar, contacted the supervising probation officer to inform her Mr. Aguilar-Gonzalez took her vehicle in the middle of the night and drove it to Mexicali, Mexico, to visit his grandmother. Additionally, Mr. Aguilar-Gonzalez's grandmother confirmed the vehicle was brought to her house. Maria Aguilar contacted Mr. Aguilar-Gonzalez to return her vehicle and come home; however, Mr. Aguilar-Gonzalez refused. It should be noted Mr. Aguilar-Gonzalez was not authorized to travel outside the Central District of California.

Lastly, on May 25, 2022, the supervising probation officer attempted to contact Mr. Aguilar-Gonzalez via telephone. Unfortunately, Mr. Aguilar-Gonzalez's phone was no longer in service and there was no option to leave a message. In light of the above, it appears Mr. Aguilar-Gonzalez has absconded from supervision.

Based on his inability to abide by his conditions of supervised release, his adjustment to supervision is deemed poor.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Aguilar-Gonzalez last known residence was with his mother in the Central District of California. His present whereabouts is unknown.

Mr. Aguilar-Gonzalez's criminal history is relatively minimal. In May of 2019, Mr. Aguilar-Gonzalez was arrested for multiple vehicle code violations and charged in San Diego (California) Superior Court (Case No. 135256E).

Additionally, in August of 2019, Mr. Aguilar-Gonzalez served a three-month custodial sentence in Dkt. No. 19CR2209-001-AGS for violation of 18 U.S.C. § 3, Accessory After the Fact to Improper Entry by an Alien.

In relation to substance abuse, Mr. Aguilar-Gonzalez used around a gram of marijuana a day until his arrest for the underlying offense in January of 2021.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (used illicit drugs, and failed to report for testing) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 36 month(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

It appears Mr. Aguilar-Gonzalez has absconded from supervised release. Furthermore, his drug use is of concern as it presents a danger to the community and himself. Therefore, the issuance of a bench warrant is recommended.

## RECOMMENDATION/JUSTIFICATION

Mr. Aguilar-Gonzalez has demonstrated an inability to follow his terms and conditions of supervised release by using controlled substances and absconding from supervision. Mr. Aguilar-Gonzalez's blatant disregard for the directives of the Court underscores his non-commitment to his terms and conditions of supervision. The offender has breached the trust of the Court by committing the noncompliance conduct alleged herein.

Consequently, it is believed a custodial sanction is appropriate to hold the Mr. Aguilar-Gonzalez accountable for his actions, reinforce the importance of abiding by the Court's order, for the breach of the Court's trust, and to deter further acts of noncompliance.

Should the violations of supervised release alleged herein be sustained, probation respectfully recommends revocation of supervised release. Based on the totality of the violation conduct, a custodial sentence of 6 months' custody is recommended, commensurate with his violation conduct. Additionally, it is recommended this custodial sentence be followed by 24 months' of supervised release, with the same terms and conditions as previously ordered.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: June 21, 2022**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Rustin Brown
U.S. Probation Officer
(619) 557-6726

Reviewed and approved:

_____
Marc W. Ryan
Supervisory U.S. Probation Officer

PROB12CW                                                                                                          June 21, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Aguilar-Gonzalez, Cesar

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 20CR00467-001-DMS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | **Violation(s)** | **Grade** |
   |---|---|
   | Failure to drug test | C |
   | Use illicit drugs | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))       [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                [ II ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))           [ 4 to 10 months ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | _____ | Community Confinement | _____ |
   | Fine ($) | _____ | Home Detention | _____ |
   | Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

Name of Offender: Cesar Aguilar-Gonzalez                                June 21, 2022
Docket No.: 20CR00467-001-DMS                                                  Page 8

---

**THE COURT ORDERS:**

__X__    AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____    DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

_/s/ Dana M. Sabraw_                                                   _6/22/22_
The Honorable Dana M. Sabraw                                            Date
Chief U.S. District Judge

AH